IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CECIL DATES, #116659A, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:03-CV-1268-ID |
| | ) |
| WILLIE THOMAS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Cecil Dates ["Dates"], a state inmate, on December 29, 2003.  In this petition, Dates challenges a decision issued by the Circuit Court of Montgomery County, Alabama on April 26, 2000 sustaining the parole board's November 15, 1999 revocation of his parole.[1]  Although Dates appealed this decision, the Alabama Court of Criminal Appeals dismissed the appeal "as untimely filed."  *Respondents' Exhibit 18 to the February 17, 2004 Response*.

Dates argues that the Circuit Court of Montgomery County improperly sustained the 1999 decision of the Alabama Board of Pardons and Paroles to revoke his parole.

---

[1] The parole board based this decision of revocation, in part, on a conviction for attempted assault imposed upon Dates by the municipal court on June 20, 1995.  *Respondents' Exhibit 14 to the February 17, 2004 Response* at 2 - *Case Action Summary of Case No. MC-95-652*.

Specifically, Dates asserts that he "remains in prison unlawfully, and a grave miscarriage of justice has kept him in prison because . . . the trial court final order in CV-99-3672 [improperly] sustained The Board violation of appellate mandate [rendered in *Dates v. Alabama Board of Pardons and Paroles*, Case No. CV-97-2328-GR requiring recision of the 1996 decision to revoke parole and reinstatement of parole]." *Memorandum Brief in Support of Habeas Petition* at 1.  Dates maintains that his "sole argument is [that] he was entitled to unconditional release pursuant to the mandate of the appellate court" rescinding the 1996 parole revocation rather than merely being "given another hearing on the same charges" after which he "was found guilty [and] parole was revoked." *Id*.  In addressing this issue and denying Dates' request for relief, the Montgomery County Circuit Court determined that:

> Upon review of the record, it appears that there is no genuine issue as to any material fact.  Since this is a petition for writ of certiorari, the question before the Court is whether the record of the parole revocation proceedings indicates that the Petitioner was afforded due process of law when his parole was revoked. . . .
>
> * * *
>
> This Petitioner has faced parole revocation proceedings in the past [during August of 1996].  The prior revocation was vacated [as the evidence before the parole board failed to show that Dates had been convicted of the attempted assault at the time of revocation and failed to set forth the evidence relied upon and the reasons for revoking parole].  The Board of Pardons and Paroles then ordered a new "parole court" hearing on the same charges.  At this subsequent hearing, a certified

copy of a judgment of conviction [for attempted assault] was produced. The U. S. Supreme Court has held that a State may properly accept a judgment of conviction as conclusive proof that a parolee has violated the condition of parole whereby he agreed not to violate the law.

When this case came back before the Parole Board [in 1999], it was in a posture analogous to a conviction that has been reversed and remanded. This Court vacated a revocation, but it was the Board's prerogative to decide whether the same charge should be heard again or the parolee should be returned to parole supervision.

\* \* \*

The record before this Court indicates that the Petitioner has been deprived of his liberty, but that he was afforded due process of law. There is no genuine issue as to the facts material to certiorari review. The writ of certiorari is not intended to permit any court to substitute its opinion for that of an agency to which discretion has been committed by law. The writ will not lie to review a decision as to its intrinsic correctness, *Byars v. Town of Boaz*, 229 Ala. 22, 155 So. 383 (1934). The record reflects that the Board of Pardons and Paroles had jurisdiction of the Petitioner's person and of the subject matter, and that there is substantial legal evidence supporting the Board's [1999] decision [to revoke parole]. "[T]he standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence." *Parker v. Reaves*, 531 So.2d 853 (Ala. 1988). Thus, "if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court." *Lovelady v. Lovelady*, 281 Ala. 642, 206 So.2d 886 (1968). In other words, the only question for the reviewing court is "whether the evidence will justify the finding [of the lower tribunal] as a legitimate inference from the facts proved regardless of whether such inference would or would not have been drawn by the appellate tribunal." *Alabama Electric Cooperative v. Alabama Power*

>    *Co.*, 278 Ala. 123, 126, 176 So.2d 483, 485 (1965). Since the
>    judgment of conviction is legally sufficient evidence of the fact
>    of parole violation, *Morrissey v. Brewer*, 408 U.S. 471, 92
>    S.Ct. 2593 (1972), the Board of Pardons and Paroles has
>    demonstrated to this Court that its action is due to be sustained
>    . . .

*Respondents' Exhibit 17 to the February 17, 2004 Response* at 2-4.

The respondents filed answers in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*, in which they contend that the instant habeas petition should be denied because the claim it raised is procedurally barred from review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001).

In support of this argument, the respondents contend that Dates failed to observe proper procedure when he properly "prosecute[d] an appeal from the . . . judgment on the merits against him [issued by the Circuit Court of Montgomery County in *Dates v. Alabama Board of Pardons and Paroles*] (CV-99-3627)." *June 8, 2004 Response of the Respondents - Court Doc. No. 29* at 2. The respondents further argue that Dates is not entitled to federal habeas relief because the state court properly adjudicated his challenge to the 1999 parole revocation on the merits. *Id.*; *see also May 14, 2004 Response of the Respondents - Court Doc. No. 27* at 10-11; *Williams v. Taylor*, 529 U.S. 362, 404-405, 120 S.Ct. 495, 1518-1523 (2000).

Upon review of the § 2254 petition, the answers of the respondents and Dates'

4

responses to the answers, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  *Procedural Default*

#### 1.  **Procedure in State Court**

Dates challenged the parole board's 1999 revocation decision in a petition for writ of certiorari filed with the Circuit Court of Montgomery County.  In this state petition, Dates argued that the opinion of the Alabama Court of Criminal Appeals in *Dates v. Alabama Board of Pardons and Paroles*, Case No. CV-97-2328-GR addressing the lack of due process in the 1996 revocation proceeding warranted his unconditional release.  The trial court denied this petition on the merits.  *Respondents' Exhibit 17 to the February 17, 2004 Response*.  Dates appealed this decision.

However, on June 16, 2000, the Alabama Court of Criminal Appeals issued a "certificate of dismissal" in which it "ordered that said appeal be dismissed as untimely filed." *Respondents' Exhibit 18 to the February 17, 2004 Response*.  Dates did not undertake any further action with respect to the denial of this petition.  Consequently, the instant federal attack on the parole board's actions in re-filing parole delinquency charges

against Dates and revoking his parole after an additional hearing on these charges is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

The question is "not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts . . ." 526 U.S. at 848. When a petitioner "fails to present his claims in a petition for discretionary review to a state court of last resort" he has not "*properly* presented his claims to the state courts" and "has procedurally defaulted his claims." *Id*.

### 2. Standard of Review

This court may reach the merits of a petitioner's procedurally defaulted claim only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claim. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). Dates has demonstrated neither cause for the failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of his defaulted claim in order to prevent a fundamental miscarriage of justice.

### 3. Miscarriage of Justice and Actual Innocence

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the [incarceration] of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley v. United States,* 523 U.S. 614, 623-624 (1998). *Schlup* specifically observes that

> To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented [to the trier of fact].

513 U.S. at 324.

Dates has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. Consequently, the instant challenge to the parole board's 1999 revocation decision is procedurally defaulted and therefore foreclosed from federal habeas review.

### B. *Adjudication by the State Court*

The Circuit Court of Montgomery County determined that the parole board had jurisdiction over Dates and provided him due process prior to its decision to revoke parole on November 15, 1999. *Respondents' Exhibit 17 to the February 17, 2004 Response* at 2-4. Thus, even if Dates' challenge to this decision did not run afoul of applicable procedural default rules, federal review would be severely limited by the directives of 28 U.S.C. § 2254(d)(1) and (2). *Williams v. Taylor*, 529 U.S. 362 (2000). Under these sections, habeas relief is appropriate only when a petitioner demonstrates "that a decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price v. Vincent*, 538 U.S. 634, 640, 123 S.Ct. 1848, 1853 (2003).

Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively

unreasonable.'").

Federal district courts do not decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of those decisions. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410, 120 S.Ct. at 1522 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411, 120 S.Ct. at 1522. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639, 123 S.Ct. at 1852. The Supreme Court admonishes that an evaluation in the former category "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d) . . ." 538

9

U.S. at 636, 123 S.Ct. at 1851.

In light of the foregoing, even assuming *arguendo* that the present challenge to the 1999 revocation of parole is properly before this court, Dates is entitled to no relief as the state court properly adjudicated this challenge on the merits. *Williams*, 529 U.S. at 404-405, 120 S.Ct. at 1518-1523 (2000). Specifically, the decision of the Montgomery County Circuit Court sustaining the revocation decision was not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Cecil Dates be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before April 7, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of March, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE